## BELL OIL & GAS CO. v. BROWN et ux.

No. 14842—Opinion Filed Oct. 28, 1924.

**Pleading—Sufficiency Against Demurrer—Petition in Creditor's Suit.**

The rule governing a demurrer to a pleading is that the pleading should be liberally construed in favor of the pleader and against the demurrant. In this case, applying the above rule, it is held that the petition states facts sufficient to constitute a cause of action.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by Bell Oil & Gas Company against W. E. Brown and Cora Lee Brown. Judgment for defendants, and plaintiff appeals. Reversed.

Carroll, O'Meara & Silverman, for plaintiff in error.

Poe & Lundy, J. E. Curran, and R. E. Morgan, for defendants in error.

Opinion by MAXEY, C. This is an ap-

peal from the district court of Tulsa county from an order sustaining a demurrer to plaintiff's petition. The sole question before this court is whether the petition states facts sufficient to constitute a cause of action. The petition is in the nature of a creditor's bill to subject the excess of the homestead of one-quarter of an acre to the payment of debts. The property is in the name of Cora Lee Brown, wife of the defendant, W. E. Brown, and the petition seeks to have the property declared to be the property of W. E. Brown, and the excess of one-quarter of an acre to be subjected to the payment of plaintiff's judgment. The petition asks for more than the plaintiff is entitled to, but the petition shows that it is an action to subject the excess homestead to the payments of debts, and, as before stated, while it contains allegations that are objectionable, yet we must hold that it is sufficient to require the defendants to answer and set up what part of the land they claim as a homestead and offer to reduce it to one-quarter of an acre, if they so desire. The petition shows that the homestead is a plot of ground 130 by 150 feet which is less than one-half of an acre. The defendants are entitled to a homestead of not more than a quarter of an acre regardless of value, and they can answer and set up in their answer what part of the land they desire to claim as a homestead.

The plaintiff sets up in its petition that the land cannot be divided on account of the valid restrictions in the deed and the way the buildings are located, and that if it could be divided the land cut off to reduce it to a quarter of an acre would be worthless commercially and otherwise, and tenders $5,000 into court, and asks that the defendants be required to accept that in lieu of homestead, and that the plaintiff be permitted to sell the property to satisfy its judgment. It may be a fact that the part cut off to reduce it to a quarter of an acre would be of very little value, yet that is all the plaintiff is entitled to, let it be of much or little value. There is no law that permits the plaintiff to tender $5,000, and require the defendants to accept that in lieu of homestead, and permit plaintiff to sell the homestead in payment of its debts. Our Constitution and our statutes limit the homestead in a city or town to one acre, providing it does not exceed in value $5.000: and in no case can it be reduced to less than a quarter of an acre. This gives the defendants a right to designate what part, not exceeding a quarter of an acre. they de-

sire to claim as a homestead and the balance is subject to the payment of debts. The second cause of action, after setting up the judgment which is the basis of plaintiff's action, sets up, among other things, that the defendants were the owners of a one-thirty-second interest in an oil lease on the lands in Creek county, and alleges that it is a paying lease and is of the value of $10,000, and asks to have this subjected to the payment of its debts. It also sets up an unliquidated claim of about $18,000, and asks for judgment on said claim, and that the properties mentioned be subjected to the payment of that. But the plaintiff has eliminated that part of its petition relating to the oil and gas lease in their brief. On page 36 of plaintiff's brief they say:

"We might add further that after this demurrer was heard it was brought to our attention by counsel for defendants that the Creek county lease was sold by defendant, Cora Lee Brown, to a third person prior to the filing of our suit and, therefore the point under this head is moot for the reason that—we hereby strike from said petition all reference to the Creek county oil and gas lease and agree that this court may reverse the judgment of the lower court on condition that we do so as soon as the case is returned to the trial court."

So we take it from that statement that counsel will keep faith with the court and eliminate that from its petition. We have, therefore, reached the conclusion that the demurrer to plaintiff's petition should have been overruled, and the case will be reversed and remanded to the trial court with directions to require the defendants to answer and set up what part of the block of ground they desire to have considered as their homestead, not exceeding one-quarter of an acre. While the petition is inartistically drawn, we think there is enough in it to require defendants to answer, and several issues joined by the pleadings can then be tried out, and it can be determined whether the land is the land of Cora Lee Brown or W. E. Brown. Of course, if it is the land of Cora Lee Brown, it cannot be subjected to the payment of W. E. Brown's debts, whatever they may be. Let the case be reversed and remanded to the trial court, with directions to cause the plaintiff to dismiss its petition as to the interest in the oil lease and require the defendants to answer and set up what part of the land they desire to claim as a homestead, not exceeding one-quarter of an acre.

By the Court: It is so ordered.